UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Civil Action No.

SHARON C. HARRELL, AN INDIVIDUAL,

    Plaintiff

    v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES;
CARNIVAL CRUISE LINES, INC.
AND DOES 1-20, INCLUSIVE,

    Defendant.
_____/

# COMPLAINT

**COMES NOW**, Plaintiff Sharon C. Harrell, (hereinafter "Plaintiffs"), by and through counsel, and pursuant to the laws of the State of Florida, the laws of the United States of America and the Federal Rules of Civil Procedure, and file this Complaint against Carnival Corporation d/b/a Carnival Cruise Lines, Inc. and Does 1-20, inclusive (hereinafter "Defendants"). In support thereof, Plaintiffs would respectfully show unto this Honorable Court the following, to-wit:

Plaintiff complains and alleges as follows:

1. Plaintiff, SHARON C. HARRELL, (hereinafter referred to as "Plaintiff" and/or "Ms. Harrell"), charges that she suffered severe and continuing injuries, losses and harm, including permanent injuries and harm, and significant economic and non-economic injuries, as a result of Defendant's negligence and/or gross negligence. Consequently, in this action, Plaintiff seeks an award of economic and non-economic damages.

1

## JURISDICTION AND VENUE

## JURISDICTION

2. Pursuant to 28 U.S. Code Section 1332 et seq., this Court has diversity jurisdiction over this matter as the Parties are all citizens of different States and the value of the controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

## VENUE

3. Venue is proper in the United States District Court, Southern District of Florida, pursuant to a forum selection clause in the cruise ticket/tour contract between Plaintiff and Carnival and/or because Defendant's principal place of business is in Miami-Dade County, Florida.

## THE PARTIES

4. At all times material to this action the Parties were as follows:

   (a) Plaintiff, Sharon C. Harrell, was, at all times relevant to this action, a resident of the State of North Carolina, County of Edgecombe;

   (b) Upon information and belief, at all times material to this action, Defendant, Carnival Corporation, was a foreign corporation, doing business as Carnival Cruise Lines, or Carnival Cruise Lines, Inc. (hereinafter, "CARNIVAL" or "Defendant"), and was a common carrier for cruise passengers (nationally and internationally) registered to do business in the State of Florida, with its principal business offices in the State of Florida, located in Dade County, city of Miami.

5. Each of the fictitious Defendant Does 1 through 20, inclusive, are sued because Plaintiff does not know their names and/or capacities at this time. Plaintiff will seek leave of the

court to amend this complaint when the true names and capacities of the Defendants designated herein as "Does" have been ascertained.

6. Each Defendant is sued as a joint-tortfeasor, aider-and-abetter, partner, joint-venturer, co-conspirator, officer, and/or agent or ostensible agent of every other Defendant, acting within the course and scope of such status, relationship, conspiracy and/or agency unless otherwise specified.  Reference made in this complaint to "Defendant, and each of them," shall be deemed to mean the acts of all Defendant acting jointly and/or severally and/or as joint-tortfeasors, joint-venturers, partners and aiders-and-abettors and/or co-conspirators acting in furtherance of a targeted goal unless otherwise stated.

## **FACTS COMMON TO ALL CLAIMS**

7. On July 3, 2018, while a paying passenger on board Defendant's cruise ship, Plaintiff slipped and received significant and unresolved injuries and nerve damage to her left ankle, resulting in severe and ongoing pain and swelling with residual Complex Regional Pain Syndrome (CRPS).

8. The condition which caused Plaintiff to slip and incur the injuries, was Defendant's failure to maintain the ship in a safe condition, allowing a spill of water to remain on the floor to be trampled through by passengers rather than promptly drying the spill which had, or in the ordinary course of due care and ship maintenance, should have, come to the attention of personnel.

9. A spill had occurred, and over the course of hours, a number of people slipped and/or nearly slipped in the spill, but Defendant's personnel failed to take prompt actions to clean-up/dry the spill, leaving passengers at risk to injury.

10. Plaintiff slipped in the spill, incurring injuries that turned out to be permanent and severe.

11. After Plaintiff slipped and injured herself, she learned that the condition had existed without cure for a period of time before her slip in the spill, and that others had reported witnessing others slip in the area.

11. The incident was reported to Defendant's management onboard, and Plaintiff (and her friends) were told that ship personnel would review the incident from the ship's security monitoring system.

12. Plaintiff was accorded treatment onboard, but her enjoyment of the cruise was destroyed, attributable to her injuries from the incident.

13. Plaintiff's injuries have rendered her unable to continue her employment, and have subjected her to tremendous severe and enduring pain and suffering.

14. Defendant, as a common carrier serving the public for profit, had a duty to maintain its ships in a safe condition.

15. Defendant failed to properly inspect and take reasonable steps to make safe the conditions upon the ship which it knew, or should have known, presented an unreasonable risk of injury to patrons, customers, clients and/or guests of the ship.

16. Defendant failed to maintain the ship upon which Plaintiff cruised on July 3, 2018, in a safe condition for the purposes intended, resulting in significant injuries, harm and losses to Plaintiff.

17. At the time of the incident causing Plaintiff's injuries, Plaintiff was gainfully employed as an Oven Operator for Sara Lee Frozen Bakery of Tarboro, North Carolina.

18. Following the incident causing Plaintiff's injuries, Plaintiff attempted to return to her job as an Oven Operator, but found that the job's requirement that she stand and move about on her feet cause significant swelling and pain in her left foot.

19. Plaintiff has now been permanently removed from her employment due to the uncontrollable nerve pain and recurring swelling she experiences when standing and/or walking for meaningful periods of time.

20. Plaintiff has been diagnoses as having residual Complex Regional Pain Syndrome (CRPS), and experiences depression, anxiety and post-traumatic stress.

21. To the severe distress of Plaintiff, she has been told by a treating physician that amputation may be her best course of action for treatment of the pain that she experiences.

22. The ongoing severe pain and swelling caused Plaintiff be the injuries she sustained because of the acts and omissions of Defendant, have rendered Plaintiff disabled for work.

**COUNT ONE: NEGLIGENCE/GROSS NEGLIGENCE**

23. Plaintiffs fully incorporate all of the factual allegations set out in Paragraphs 1-22, above to apply in support of this claim.

24. Defendant's breach of the duty of care in the maintenance of its vessel directly caused and resulted in injury, losses and harm to Plaintiff.

25. As a direct and proximate result of Defendant's actions which constitute negligence, Plaintiff suffered severe physical, mental and emotional injuries, losses and harm, for which Plaintiff seeks an award of economic and non-economic damages in an amount in excess of $1,000,000.00, sufficient to fully compensate Plaintiff.

26. Defendant's actions evidence a willful recklessness and disregard for the health and safety of its paying and invited guests, passengers, warranting the award of Punitive damages to protect the public by deterring such actions by Defendant in the future.  Plaintiff prays for the award of punitive damages against the Defendant for is willful recklessness and disregard for the safety of its passengers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For economic damages for past and future loss of earnings, earnings capacity and medical costs, in excess of one million dollars ($1,000,000.00), as shall be established by proof at time of trial;

2. For non-economic damages in excess of one million dollars ($1,000,000.00), in compensation for Plaintiff's severe and enduring emotional distress that Defendant's actions substantially and/or proximately caused, as shall be established by proof at time of trial;

3. Punitive damages;

4. For prejudgment interest; and

5. For such other relief that this court shall deem proper.

Respectfully submitted, this 25th day of June 2019.

By: _/s/ Lorenzo Williams_
LORENZO WILLIAMS

## JURY TRIAL REQUEST

Plaintiff hereby requests a trial by jury in the above-captioned matter.

By: _/s/ Lorenzo Williams_
LORENZO WILLIAMS

Lorenzo Williams, Esquire (FBN 249874)
Gary, Williams, Parenti, Watson & Gary, P.L.L.C.
221 S.E. Osceola Street
Stuart, Florida 34994
Telephone:(772) 283-8260
Facsimile:(772) 219- 3365
lw@williegary.com
tcp@williegary.com
Attorney for Plaintiff
Sharon C. Harrell