UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 19-22667-CIV-MARTINEZ/OTAZO-REYES

SHARON S HARRELL,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

### ORDER GRANTING DEFENDANT'S OMNIBUS MOTION IN LIMINE

**THIS CAUSE** comes before the Court upon Defendant, Carnival Corporation's ("Carnival"), Omnibus Motion in Limine ("Motion"). (ECF No. 46). Plaintiff, Sharon S Harrell ("Harrell"), did not file a response to the Motion. For the foregoing reasons, the Court finds that the Motion is **GRANTED**.

Motions in limine "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mowbray v. Carnival Corp.*, 2009 WL 10667070, at *2 (S.D. Fla. April 13, 2009) (quoting *Bowden v. Wal-Mart Stores, Inc.*, No. A. 99-D-880-E, 2001 WL 617521, at*1 (M.D. Ala. Feb. 20, 2001)). Yet, "it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there." *Id.* (internal citations omitted). A court, therefore, "has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id.* (quoting *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752838, at *1 (M.D. Fla. June 18, 2007)). "If evidence is not clearly inadmissible, evidentiary rulings must be

deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." *Mowbray*, 2009 WL 10667070, at *6. The burden of demonstrating that the evidence is inadmissible on any relevant ground rests with the movant. *Id.* (citing *Bowden*, 2001 WL 617521, at *1). "Even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Mowbray*, 2009 WL 10667070, at *6 (quoting *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)).

With these principles in mind, the Court turns to Carnival's motion. Carnival first seeks to exclude testimony from Harrell and Sylvia Davenport based on hearsay. It argues that it expects Harrell to testify at trial "that she spoke with a fellow passenger, whom she does not know, who commented to her that she had seen passengers slip in the same area where Plaintiff fell." (Mot., at 1). Carnival further contends that Harrell's cousin, Sylvia Davenport, who accompanied Harrell on the cruise, is expected to testify that "an unknown passenger told her that she had seen people fall in that same area before Plaintiff fell." (*Id.*). Both of these out-of-court statements are inadmissible hearsay that do not seemingly fall under any exception pursuant to Federal Rule of Evidence 803.[1] Therefore, Carnival's motion is granted in this regard.

Second, Carnival seeks to exclude the testimony of Harrell's treating physician, Dr. Peter Moyer, because he failed to produce an expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). This issue is more appropriately raised in a *Daubert* motion and the Court has already ruled on this matter in the order on Carnival's *Daubert* motion issued on September 23, 2021. (Order Re: Defendant's *Daubert* Motion ("*Daubert* Order"), ECF No. 91). Judge Otazo-Reyes found that Dr. Moyer may only "testify regarding his treatment of Plaintiff for pain, and his diagnosis of CRPS, however, [he] may not offer any causation opinion as to whether Plaintiff

---

[1] While these statements do not appear to fall under any hearsay exception, Harrell is free to argue at trial whether any exception applies, and the Court will consider her arguments accordingly.

fractured her foot or how." (*Id.*, at 5). Thereafter, the Court granted partial summary judgment as to "Harrell's 'non-readily observable' injuries, specifically her fractured or sprained ankle, nerve damage, CRPS, depression, post-traumatic stress disorder, and anxiety." (Order Summ. J., at 10, ECF No. 95). Accordingly, Dr. Moyer's testimony is excluded in its entirety, as his testimony only relates to Harrell's non-readily observable injuries. To the extent Harrell intends to put forth any other treating physicians to testify regarding her non-readily observable injuries, their testimony is similarly excluded.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Carnival's Omnibus Motion in Limine, (ECF No. 46), is **GRANTED**. If appropriate, Carnival may raise these issues at trial—in a sidebar conference or outside the presence of the jury—if it believes Harrell has opened the door to this evidence.

2. The Court **ADVISES** counsel to tread lightly around these issues and to exercise an abundance of caution. Failure to comply with this Court's Order **SHALL** result in appropriate sanctions.

DONE AND ORDERED in Chambers at Miami, Florida 3rd day of December, 2021.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Magistrate Judge Otazo-Reyes
All counsel of record

3